Amended
CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Michael D. Mokshefski    JF2446
**Full Name of Plaintiff**     **Inmate Number**

Civil No. 3:23-cv-1071
(to be filled in by the Clerk's Office)

v.

Morris Houser
**Name of Defendant 1**

(✓) Demand for Jury Trial
(__) No Jury Trial Demand

Bradley Booher
**Name of Defendant 2**

Curtis Grice
**Name of Defendant 3**

FILED
SCRANTON
JUL 31 2023
Per_____
DEPUTY CLERK

Jacqueline Howard
**Name of Defendant 4**

Jodi Hicks
**Name of Defendant 5**

(Print the names of all defendants. If the names of all defendants do not fit in this space, you may attach additional pages. Do not include addresses in this section).

I. **NATURE OF COMPLAINT**

Indicate below the federal legal basis for your claim, if known.

✓     Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

___     Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) (federal defendants)

___     Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the United States

II. ADDRESSES AND INFORMATION

A. PLAINTIFF

Mokshefski, Michael D

Name (Last, First, MI)

JF 2446

Inmate Number

SCI Benner Township

Place of Confinement

301 Institution Drive

Address

Bellefonte, Centre County, PA 16823

City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly committed detainee

___ Immigration detainee

✓ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

B. DEFENDANT(S)

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption. If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

Houser, Morris

Name (Last, First)

Superintendent, SCI Benner Township

Current Job Title

301 Institution Drive

Current Work Address

Bellefonte, Centre County, PA 16823

City, County, State, Zip Code

Defendant 2:

Booher, Bradley
Name (Last, First)

Deputy Superintendent, SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County, PA 16823
City, County, State, Zip Code


Defendant 3:

Grice, Curtis
Name (Last, First)

Deputy Superintendent
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County PA 16823
City, County, State, Zip Code


Defendant 4:

Howard, Jacqueline
Name (Last, First)

Doctor, Correct Care/Wellpath @ SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County, PA 16823
City, County, State, Zip Code


Defendant 5:

Hicks, Jodi
Name (Last, First)

HSA, Correct Care/Wellpath @ SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County, PA 16823
City, County, State, Zip Code

Defendant 2: 6

Sottile, Tiffany
Name (Last, First)

CRNP, Correct Care/Wellpath @ SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County, PA 16823
City, County, State, Zip Code


Defendant 3: 7

Talasky, Taylor
Name (Last, First)

PA, Correct Care/Wellpath @ SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County, PA 16823
City, County, State, Zip Code


Defendant 4: 8

St. George, Maepearl
Name (Last, First)

PA, Correct Care/Wellpath @ SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County, PA 16823
City, County, State, Zip Code


Defendant 5: 9

Bickle, Cristina
Name (Last, First)

Clinical Coordinator, Correct Care/Wellpath @ SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Centre County, PA 16823
City, County, State, Zip Code

Defendant 2: 10

Ardery, Kim
Name (Last, First)

RN, CHCA, SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Center County, PA 16823
City, County, State, Zip Code


Defendant 3: 11

Campbell, Lori
Name (Last, First)

RN Supervisor, SCI Benner Township
Current Job Title

301 Institution Drive
Current Work Address

Bellefonte, Center County, PA 16823
City, County, State, Zip Code


Defendant 4: 12

Benning, Erica
Name (Last, First)

Director, Bureau of Healthcare Services, DOC
Current Job Title

1920 Technology Parkway
Current Work Address

Mechanicsburg   PA   17050
City, County, State, Zip Code


Defendant 5: 13

Harry, Laurel
Name (Last, First)

Secretary, Dept. of Corrections (DOC)
Current Job Title

1920 Technology Parkway
Current Work Address

Mechanicsburg   PA   17050
City, County, State, Zip Code

Page 5

Defendant 2: 14
Name (Last, First): Correct Care Solutions LLC / Wellpath LLC

Current Job Title: Medical Provider Company @ SCI Benner Township

Current Work Address: 301 Institution Drive

City, County, State, Zip Code: Bellefonte, Centre County, PA 16823

Defendant 3:

Name (Last, First):

Current Job Title:

Current Work Address:

City, County, State, Zip Code:

Defendant 4:

Name (Last, First):

Current Job Title:

Current Work Address:

City, County, State, Zip Code:

Defendant 5:

Name (Last, First):

Current Job Title:

Current Work Address:

City, County, State, Zip Code:

Page 6

### III. STATEMENT OF FACTS

State only the facts of your claim below. Include all the facts you consider important. Attach additional pages if needed.

A. Describe where and when the events giving rise to your claim(s) arose.

All the events pertaining to these defendants occurred at SCI Benner Township while I was housed there from on or about April 22, 2022 through the present.

B. On what date did the events giving rise to your claim(s) occur?

All claims occurred from on or about April 22, 2022 through to the present and are still ongoing.

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?)

— Plaintiff's shoulder was broken in Berks County Prison on or about July 22, 2021. Plaintiff was diagnosed with a broken shoulder on November 10, 2021 and shoulder surgery was ordered. Plaintiff transferred to SCI Smithfield on or about March 24, 2022 and was again diagnosed with a broken shoulder. Plaintiff was transferred to SCI Benner Township on or about April 22, 2022.

— On or about April 23, 2022 Plaintiff was called to medical specifically to review his broken shoulder and for med check. Plaintiff informed medical staff of his broken shoulder and ongoing daily excruciating pain and limited mobility and the negative affects on his activities of daily living, showering, toileting, dressing, eating, sleeplessness and that he was concerned about further injury due to lack of surgery.

— On or about May 9, 2022 Plaintiff filed a grievance related to his shoulder.

— On or about May 21, 2022 Plaintiff filed a Request to medical inquiring about his shoulder surgery.

C, Continued:

- On or about June 22, 2022 Plaintiff was sent out to an ortho doctor where he received an xray and that doctor again confirmed the shoulder was broken and surgery was needed immediately.
- On or about September 23, 2022 Plaintiff was sent out to a different ortho doctor and again x-rayed and again the shoulder break was confirmed. The doctor ordered immediate surgery citing concerns over possible permanent injury due to the delay in surgery (now broken for 14 months).
- On or about December 13, 2022 Plaintiff was taken out to a third ortho doctor where another xray confirmed again the shoulder break and that surgery was needed immediately.
- On or about January 11, 2023 Plaintiff saw a neurologist by video. Doctor needed medical records to clear the Plaintiff for surgery.
- On or about January 31, 2023 Plaintiff was called to medical, where Physician's assistant St. George informed Plaintiff that the DOC and Correct Care/Wellpath were not going to pay for the shoulder surgery because it was/is too expensive. That he was not going to get the surgery.
- Plaintiff filed a grievance on this denial on or about February 2, 2023.
- Since that filing, the Plaintiff has been harrassed by medical staff at SCI Benner.
- On or about March 10, 2023, Plaintiff was called to medical where Physicians Assistant Talasky informed Plaintiff that his medical clearances for surgery where being delayed on purpose. They were procrastinating in hopes that Plaintiff would parole out of the DOC in May 2023 and get surgery on the street.
- Plaintiff filed a grievance on the March 10, 2023 meeting but it was rejected as part of the original grievance.
- Plaintiff was denied parole in May 2023 and received a one year hit.
- Medical staff continue to deny and delay his shoulder surgery due to cost and other non-medical reasons. Medical staff hope to delay the surgery an additional year until his next parole date in May 2024.

Page 8

C. Continued

- Defendants Correct Care LLC/Wellpath LLC have a policy in place where they deny medical services outright due to costs AND where they delay medical services until the inmate leaves the facility. This policy is also a D.O.C. policy. Both policies are widely known by D.O.C. employees from the Secretary of the D.O.C. down through to individual SCI management and medical staffs as well as Correct Care/Wellpath medical staff. They know they won't face repercussions as the practice of denying and/or delaying services is known and acquiesced to by D.O.C. employees and Correct Care/Wellpath employees.
- Named defendants participated in the decision to deny medical services, due to costs, to Plaintiff.
- Named defendants participated in the decision to delay medical services to Plaintiff in the hope that he paroled out, due to costs.
- Named defendants acquiesced to the decision to deny medical services to plaintiff, due to costs.
- Named defendants acquiesced to the decision to delay medical services to Plaintiff in the hope that he paroled out, due to costs.
- Named defendant medical professionals violated their duty to Plaintiff to treat his medical needs.
- D.O.C. Administrators and local SCI management knew and condoned and acquiesced to the policy of denying and/or delaying medical services to inmates due to costs.
- D.O.C. Administrators and local SCI management had direct knowledge of Plaintiff's injuries and disability and failed to intervene to correct the denial of services to Plaintiff (and delay of services as well).
- Correct Care/Wellpath employees and SCI-Benner medical staff (DOC) had direct knowledge of Plaintiff's injuries and failed to intervene to correct the denial and/or delay of medical services (shoulder surgery) to Plaintiff.
- They all knew and participated in the denial or delay or they condoned and acquiesced to the denial and/or delay of shoulder surgery, due to costs, and they all knew Plaintiff would continue to suffer daily excruciating pain and possible further injury but did nothing.

Page 9

## IV. LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

**Count I** — 8th Amendment Violation – Deliberate Indifference to Serious Medical Need. Against Defendants Howard, Hicks, Sottile, Talasky, St. George, Bickle, Ardery, Campbell, Benning, Harry and CorrectCare/Wellpath, in their individual capacities. All had direct knowledge of Plaintiff's serious medical need, his broken shoulder and need for surgery, as prescribed/ordered by 4 different doctors, from direct contact with Plaintiff, medical records of Plaintiff and/or letters written by Plaintiff. Defendants denied him surgery. Defendants then delayed necessary clearances intentionally until Plaintiff would parole out, to avoid paying. This intentional denial and delay was/is per DOC + CorrectCare/Wellpath policies of denial and/or delay of medical services as a cost savings measure. Each defendant participated directly in denying and delaying Plaintiff surgery, knowing he faced daily excruciating pain and likely further damage/injury from lack of surgery. Each defendant consented to and/or acquiesced to DOC and/or CorrectCare/Wellpath policy of denying and delaying medical services to save money.

## V. INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

**Count I** — Repeated ongoing and continuous denial of surgery to repair/replace my broken shoulder. Daily ongoing excruciating pain with each movement of my body. Diminished capacity to move, including limitations on my activities of daily living. Pain rolling over, pain dressing, pain when toileting, pain ongoing in everything. Still ongoing for more than 14 months now. Emotional distress from continuous denials and delays, verbal abuse from staff, hopelessness, sleeplessness, despair.

## VI. RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

**Count I** — Plaintiff demands from Defendants Howard, Hicks, Sottile, Talasky, St. George, Bickle, Ardery, Campbell, Benning, Harry and CorrectCare/Wellpath, individually, jointly, vicariously, severally and/or in the alternative for such compensatory and punitive damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) exclusive of prejudgement interest, post judgement interest and costs.

Page 5 of 6

Page 10

## IV. LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

**Count II** Negligence - Medical Malpractice - State Tort Claim. Against Defendants Howard, Hicks, Sottile, Talasky, St. George, Bickle, Ardery and Campbell, in their individual capacities. All had a duty to treat Plaintiff's injuries and to provide adequate medical care to alleviate pain and suffering. Defendants breached that duty by intentionally neglecting Plaintiff's serious medical needs by denying and/or delaying proper and adequate medical care - to wit shoulder surgery for 14 months now and continuously and ongoing through today. Defendants breached that duty by agreeing to and/or acquiescing to other medical professionals actions and/or inaction in intentionally and/or negligently denying and/or delaying medical care (specifically shoulder surgery) at the direction of DOC and/or Correct Care/Wellpath Policy and/or staff. Defendants breach was and is the direct and/or proximate cause of Plaintiffs ongoing pain and suffering and further injury and disability. Defendants actions and/or inactions were and are an unwarranted departure from generally accepted standards of medical practice.

## V. INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above. **Count II** Repeated, ongoing and continuous denial of surgery to repair/replace my broken shoulder. Daily ongoing excruciating pain with each movement of my body. Diminished capacity to move, including limitations on my activities of daily living including dressing, toileting, bathing. Constant pain. For more than 14 months and ongoing. Emotional distress from continuous denials and delays, verbal abuse from staff, hopelessness, sleeplessness, despair.

## VI. RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

**Count II** Plaintiff demands from Defendants Howard, Hicks, Sottile, Talasky, St. George, Bickle, Ardery & Campbell, individually, jointly, vicariously, severally and/or in the alternative for such compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00) exclusive of prejudgment interest, post judgement interest and costs.

Page 5 of 6   11

## IV. LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

Count III — Violation of Title II of the Americans w/ Disabilities Act — Denial of Access to Services. Against Houser, Bohner, Grice, Howard, Hicks, Sollibe, Tolosky, St. George, Brekke, Andrey, Campbell, Benning and Harry in their official capacities. Defendants denied Plaintiff access to services, including, but not limited to medical services, shoulder surgery, employment, and activities. Plaintiff, because of his multiple medical conditions, including, but not limited to his broken shoulder, is a qualified person with a disability. Defendants denied Plaintiff access to services because of his disability, including denial of shoulder surgery, denial of employment and denial of recreation and/or activities in the gym. Defendants continue to deny Plaintiff access to medical services, employment services and activities. Defendants actions/inaction in denying medical services (shoulder surgery) resulted in Plaintiff's inability to access services, and Defendants continue to knowingly deny Plaintiff ongoing services. Defendants do so per DOC policy of denying and delaying medical services to inmates to save money.

## V. INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

Count III — Denial of surgery (shoulder surgery) resulting in daily excruciating pain and limited mobility and severely limited activities of daily living. Denial to employment, limiting ability to earn money, denial of activities, limiting recreation and work out options resulting in weight gain, depression, anxiety and related emotional concerns.

## VI. RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

Count III — Plaintiff seeks Injunctive Relief in the form of an order to provide immediate access to services, including shoulder surgery and necessary rehabilitation, employment and activities/recreation and any other relief the court deems appropriate.

## IV.   LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

Count IV Violation of Section 504 of the Rehabilitation Act - Denial of Access to Services, Against Houser, Bohner, Grice, Howard, Hicks, Sottile, Talasky, St. George, Bickle, Ardery, Campbell, Benning and Harry, in their official capacities. Defendants denied Plaintiff access to services, including, but not limited to, medical services (shoulder surgery), employment and activities because of his disability. Plaintiff is a qualified person with a disability because of his multiple medical conditions, including, but not limited to, his broken shoulder. Plaintiff, because of his disability, his broken shoulder, was denied access to shoulder surgery, as well as employment and activities (sver in the gym). Defendants actions/inaction in denying medical services (shoulder surgery) resulted in Plaintiffs inability to access services, and Defendants continue to knowingly deny Plaintiff ongoing services. Defendants do so per DOC policy on denying and delaying medical services to inmates to save money.

## V.   INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.   Denial of surgery (shoulder surgery) resulting in daily excruciating pain
Count IV   and limited mobility and severely limited activities of daily living. Denial of employment limits his ability to earn money to support himself above indigent status. Denial of activities, limiting recreation and work out options resulting in weight gain, depression, anxiety and related emotional concerns.

## VI.   RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

Count IV Plaintiff seeks Injunctive Relief in the form of an Order to provide immediate access to services, including shoulder surgery any necessary rehabilitation, employment and activities/recreation and any other relief the court deems appropriate.

## VII. SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

_____
Signature of Plaintiff

_____7/25/2023_____
Date

INMATE MAIL
PA DEPT OF
CORRECTIONS



US POSTAGE PITNEY BOWES
ZIP 16823 $ 007.86
02 4W
0000376203 JUL 26 2023

Mike Motshefski JF2446
SCI Benner Township
301 Institution Drive
Bellefonte PA 16823

RECEIVED
SCRANTON
JUL 31 2023
PER _____ DEPUTY CLERK

Office of the Clerk
United States District Court
Middle District of PA
U.S. Courthouse
235 North Washington Ave.
P.O. Box 1148
Scranton PA 18501-1148

LEGAL MAIL