**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL MOKSHEFSKI,** | : | **No. 3:23-CV-01071** |
| **Plaintiff** | : | |
| | : | **Judge Mariani** |
| **v.** | : | |
| | : | |
| **MORRIS HOUSER, et al.,** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 06/27/23* |
| | : | |
| **Defendants** | : | |

## COMMONWEALTH DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Michael Mokshefski, pro se prisoner Plaintiff, purports to assert claims against Defendants Laurel Harry, Erica Benning, Morris Houser, Bradley Booher, Curtis Grice, Kim Ardery and Lori Campbell (collectively, Commonwealth Defendants) arising out of an alleged delay in shoulder surgery while incarcerated at SCI-Benner Township. However, Plaintiff's shotgun style Amended Complaint fails to state a claim against the Commonwealth Defendants and must be dismissed. Furthermore, Plaintiff's claims against the Commonwealth Defendants are legally deficient and must be dismissed with prejudice.

## PROCEDURAL HISTORY

On June 27, 2023, Plaintiff filed a voluminous Complaint in this matter. (Doc. 1.) On July 13, 2023, this Court screened the Complaint and determined that it improperly joined claims against multiple defendants from multiple distinct events in

violation of Federal Rule of Civil Procedure 20, and instructed Plaintiff to file an amended complaint. (Doc. 10.) On July 31, 2023, Plaintiff filed an Amended Complaint. (Doc. 11.) On October 2, 2023, Commonwealth Defendants filed a Motion to Dismiss. (Doc. 23.) This brief is in support of that Motion.

## STATEMENT OF ALLEGATIONS

Plaintiff alleges that his shoulder was broken while incarcerated in Berks County Prison on July 22, 2021. (Doc. 11 at 7.) Plaintiff claims that his broken shoulder was not diagnosed until November 10, 2021. (*Id.*) According to Plaintiff surgery was ordered at this time. (*Id.*) On March 24, 2022, Plaintiff asserts he was transferred to SCI-Smithfield and his shoulder was confirmed to be broken. (*Id.*) On April 22, 2022, Plaintiff claims he was transferred to SCI-Benner Township. (*Id.*)

The following day, Plaintiff was seen by medical and he states that he informed medical staff of his broken shoulder and continued pain, which according to him was due to lack of timely surgery. (*Id.*) Plaintiff alleges that he filed a grievance on May 9, 2022 and a request to medical on May 21, 2022 related to his shoulder. (*Id.*)

Plaintiff claims that on June 22, 2022, he was sent to an outside doctor who confirmed the broken shoulder and ordered surgery. (*Id.* at 8.) Plaintiff claims that he was seen by a second outside doctor on September 23, 2022, who also confirmed the broken shoulder and expressed concerns of further injury. (*Id.*) Plaintiff alleges he saw a third outside doctor on December 13, 2022, who reiterated the same. (*Id.*) Plaintiff

claims that on January 11, 2023, he spoke with a neurologist via video, who needed medical records to clear plaintiff for surgery. (*Id.*)

Plaintiff claims on January 31, 2023, Physician's Assistant St. George told him that he would not get surgery because it was too expensive. (*Id.*) Plaintiff claims that he filed a grievance concerning the denial of his medical care on February 2, 2023. (*Id.*) According to Plaintiff, on March 10, 2023, Physician's Assistant Talasky told him that his surgery was being delayed in hopes that he would be released on parole in May of 2023. (*Id.*) Plaintiff avers that he filed a grievance on this incident but it was rejected. (*Id.*)

Plaintiff asserts he was denied parole in May of 2023, and that medical staff continue to delay his treatment in hopes he is released on parole in May of 2024. (*Id.*) Plaintiff requests compensatory and punitive damages for alleged violations of the Eighth Amendment and medical malpractice. (*Id.* at 10-11.) Plaintiff requests injunctive relief in the form of an order for immediate surgery and rehabilitation, as well as access to employment and recreational services for alleged violations of the ADA and RA. (*Id.* at 11-12.)

## Questions Presented

1. Must the Amended Complaint be dismissed for failure to conform to Federal Rule of Civil Procedure 8?

2. Must the Commonwealth Defendants be dismissed for lack of personal involvement?

3. Must Plaintiff's Eighth Amendment deliberate indifference claim be dismissed as against the Commonwealth Defendants as a matter of law?

4. Must Plaintiff's Medical Malpractice claim be dismissed as against the Commonwealth Defendants as a matter of law?

5. Must Plaintiff's ADA and RA claims be dismissed as they are duplicative of Plaintiff's medical claims?

Suggested Answer to All: Yes

## ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, "the court must accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Good v. Borough of Steelton*, 2008 WL 4454058, *3 (M.D. Pa. Sept. 30, 2008) (citing *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)). However, a court is not required to give credit to legal conclusions or bald assertions contained in the complaint. *See Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

Rule 8 provides, in pertinent part, that a "pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, Rule 8 requires that

"[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp., et al v. Twombly,* 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

It is insufficient for a complaint to "tender[] naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). Additionally, "[i]t is not . . . proper to assume that [a plaintiff] can prove facts it has not alleged[.]" *Associated General Contractors of California v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Therefore, when ruling on a motion to dismiss a district court must "(1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any 'well-pleaded factual allegations' contained in the complaint 'plausibly give rise to an entitlement to relief.'" *Railey v. Ebbert*, 407 F. Supp. 3d 510, 515 (M.D. Pa. 2019) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

Applying this standard to the allegations of the Amended Complaint, Plaintiff's claims fail as a matter of law and dismissal with prejudice is warranted.

## B. Shotgun Pleadings

Federal Rule of Civil Procedure 8(a)(2), requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Complaints that violate this rule 'are often disparagingly referred to as "shotgun pleadings."'" *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).[1] A shotgun pleading g can occur when a complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* (quoting *Weiland*, F.3d at 1320); *Litwak v. Tomko*, No. 3:16-CV-00446, 2018 WL 1378633, at *5 n.4 (M.D. Pa. Mar. 19, 2018) (same). A shotgun pleading fails to give adequate notice to the defendants of the claims against them and the grounds upon which claim rests. *Id.*

---

[1] District Courts in this circuit routinely rely on the Eleventh Circuit case law regarding shotgun pleadings as that circuit "has articulated the bulk of existing law in this area." *Bartol*, 251 F. Supp. 3d at 859; *see also Litwak v. Tomko*, No. 3:16-CV-00446, 2017 WL 168053, at *4 (M.D. Pa. Jan. 17, 2017) (noting a district court could act *sua sponte* to strike a complaint and instruct plaintiff to file a more definite statement (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996)); *Lapella v. City of Atl. City*, No. CIV. 10-2454 JBS/JS, 2012 WL 2952411, at *5 n.3 (D.N.J. July 18, 2012) (relying on Eleventh Circuit case law).

A well plead complaint "must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine whether the complaint is frivolous and whether a defendant has adequate notice to frame an answer." *Washington v. Folino*, No. CV 11-1046, 2014 WL 11497963, at *4 (W.D. Pa. Mar. 4, 2014), *aff'd sub nom. Washington v. Warden SCI-Greene*, 608 F. App'x 49 (3d Cir. 2015). Requiring sufficient specificity serves "a twofold purpose: 1) to weed out at an early stage frivolous claims and those that should be heard in state court, and 2) to provide the defendant with sufficient notice of the claims asserted." *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988).

The Amended Complaint fails to give proper notice to the Commonwealth Defendants of the factual basis and claims against them. Plaintiff asserts factual allegations against St. George and Talasky, and more generally "medical staff." However, the Amended Complaint is devoid of allegations of conduct of the Commonwealth Defendants, most of whom cannot be classified as medical staff.[2]

The Commonwealth Defendants cannot properly respond to Plaintiff's claims against them, simply because they do not know what conduct Plaintiff attributes to

---

[2] Commonwealth Defendants concede that for the purposes of this Motion to Dismiss, CHCA Ardery and Nurse Supervisor Campbell may be construed as "medical staff." They are nevertheless plainly supervisors and administrators. (Doc. 11 at 5.); *see also Hickey v. Merritt-Scully*, No. 4:18-CV-01793, 2022 WL 883851, at *11 (M.D. Pa. Mar. 24, 2022).

them. The Amended Complaint must be dismissed as against the Commonwealth Defendants, and assuming any claims survive this Motion to Dismiss, Plaintiff must be required to specifically identify each Commonwealth Defendant and what actions they took against him.

### C. Personal Involvement

Given the lack of factual averments and their identification as higher ranking DOC officials, these Defendants can only speculate that Plaintiff seeks to hold them liable under Section 1983 based on a theory of *respondeat superior*. However, Section 1983 claimants cannot rely *respondeat superior* to establish liability. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, the Commonwealth Defendants must be dismissed.

Every defendant against whom suit is brought must be shown to have been involved in the complained of conduct. *Rizzo v. Goode*, 423 U.S. 362, 363 (1976). Personal involvement may be shown by actual participation in misconduct, knowledge of and acquiescence in the misconduct, or circumstances in which inaction sends a message of approval of the misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133-34 (3d Cir. 1986). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, "[a]lleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his

rights is insufficient to establish personal involvement." *Lanza v. Moclock*, 2020 WL 4574495, at *5 (M.D. Pa. Aug. 7, 2020) (citing *Rode*, 845 F.2d at 1208).

Plaintiff fails to demonstrate the personal involvement of the Commonwealth Defendants. Plaintiff merely provides the talismanic recital of the elements of personal involvement. This conclusory allegations are "not entitled" to the assumption of truth. At most the Amended Complaint establishes that the Commonwealth Defendants held supervisory roles. There are simply no well plead factual averments implicating the Commonwealth Defendants in any of the decisions related to Plaintiff's medical care or even demonstrating they had knowledge of these alleged incidents.

Accordingly, the Commonwealth Defendants must be dismissed for lack of personal involvement.

**D. Eighth Amendment Deliberate Indifference Claim (Count I)**

Plaintiff alleges an Eighth Amendment claim with regard to the allegedly deficient care for his broken shoulder. In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Thus, Plaintiff must allege facts that show both (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*,

429 U.S. at 104.

Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse,* 182 F.3d at 197. The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."[3] *Id.*

---

[3] Generally, CHCAs and nurse supervisors are considered non-medical personnel. *Hickey v. Merritt-Scully*, No. 4:18-CV-01793, 2022 WL 883851, at *11 (M.D. Pa. Mar. 24, 2022). Rather, the Third Circuit has held that they are "undisputably administrators, [and] not doctors." *Williams v. Pa. Dep't of Corr. at SCI Camp Hill*, No. 3:CV-12-2440, 2013 WL 3209283, at *4 (M.D. Pa. June 24, 2013) (quoting *Thomas v. Dragovich,* 142 F. App'x 33, 39 (3d Cir. 2005)); *see, e.g., Miller v. Hoffman*, No. CIV. A. 97-7987, 1999 WL 415397, at *11 (E.D. Pa. June 22, 1999) (collecting cases), *aff'd,* 225 F.3d 649 (3d Cir. 2000). To the extent that this Court finds Ardery and Campbell were personally involved in the purported Eighth Amendment violations stemming from Plaintiff's medical care, they are nonetheless shielded from liability as they are not medical professionals tasked with providing prisoner healthcare.

Here, assuming, *arguendo,* Plaintiff had a serious medical need, the allegations in Plaintiff's complaint clearly establish that he received medical attention and was under the care of prison doctors. Plaintiff alleges he was under the care of medical staff prior to his transfer to DOC custody. Plaintiff was subsequently evaluated by outside doctors. Plaintiff was even seen by a neurologist, suggesting that his injury may be more complicated than a simple broken bone. Plaintiff was seen by numerous doctors related to his injury and there is no indication that any of the Commonwealth Defendants were aware that he was not being treated by the medical staff. Thus, Commonwealth Defendants were justified in believing Plaintiff was in capable hands and cannot be considered deliberately indifferent to his medical needs.

Accordingly, Plaintiff's Count I fails against the Commonwealth Defendants as a matter of law.

### E. Medical Malpractice Claim (Count II)

The Pennsylvania General Assembly has reaffirmed the principle of sovereign immunity as it applies to the Commonwealth and its employees in all cases except where a specific exemption is created. 1 Pa. C.S. § 2310. Sovereign immunity is waived for "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 Pa. C.S. § 8522(b)(2). The medical-professional liability exception to sovereign immunity must be strictly construed and narrowly interpreted

against the party asserting liability. *Holland v. Norristown State Hospital*, 584 A.2d 1056, 1058 (Pa. Cmwlth. 1990) (citing *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987)).

Defendants Harry, Benning, Houser, Booher, and Grice and not medical personnel, and thus, they retain sovereign immunity. While Defendants CHCA Ardery and Nurse Supervisor Campbell are likely not entitled to sovereign immunity, Plaintiff nevertheless fails to state a medical malpractice claim against them. Plaintiff fails to demonstrate how they participated in his medical care or breached any duty owed to him. Further, Plaintiff has not filed a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3.

Accordingly, Count II fails against the Commonwealth Defendants as a matter of law.

### F.  Failure to State an ADA or Rehabilitation Act Claim (Counts III and IV)

The Amended Complaint purports to raise claims under Title II of the ADA and Section 504 of the Rehabilitation Act. These claims appear to be a restatement of Plaintiff's medical claims by bootstrapping his broken shoulder as a disability that entitled him to receive shoulder surgery. Although Plaintiff also alleges he has been denied employment and recreation activities, Plaintiff has not sufficiently alleged a claim of discrimination relating to those activities.

"To prevail on a claim for violation of Title II of the ADA,[4] the plaintiff must show: (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and, (3) that such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability." *Douris v. Dougherty,* 192 F. Supp. 2d 358, 368 (E.D. Pa. 2002) (citations omitted).

Assuming that his injury qualifies as a disability, a denial of medical care "is not encompassed by the ADA's prohibitions." *Montanez v. Price*, No. 3:22-CV-1267, 2023 WL 5435616, at *8 (M.D. Pa. Aug. 23, 2023) (J., Mariani) (quoting *Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006)); *see also Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996) (concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners [because the] ADA does not create a remedy for medical malpractice"). Simply put, medical care related to an injury is not a "service" as contemplated by the ADA. Moreover, even if Plaintiff could state such a claim, there is no indication that he was denied care due to any discrimination on the basis of this injury. Plaintiff's circular logic that he is being

---

[4] "[T]he substantive standards for determining liability are the same" for Title II of the ADA and Section 504 of the Rehabilitation Act. *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019). However, the ADA requires "but for" causation, while the RA requires that the discrimination on the basis of disability be the "sole cause" of the denial. *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 236 n.11 (3d Cir. 2013).

discriminated against on the basis of his injury by receiving allegedly not treating his injury appears to merely repackage his medical claims against the Commonwealth Defendants in their official capacities.

Furthermore, Plaintiff has not identified how he was denied employment or recreational activities because of his alleged disability. To be sure, Plaintiff may have been unable to perform some activities due to his alleged injury; however, that is not the same as the Commonwealth Defendants denying him the opportunity to work or use the gym due to discrimination on the basis of his injury. If so, the ADA would be violated whenever a person is put on medical restrictions due to a disability or injury. This cannot be the case.

Accordingly, Counts III and IV fail as a matter of law.

## CONCLUSION

For the forgoing reasons, this Court must dismiss the Amended Complaint with prejudice as against the Commonwealth Defendants.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

By:   *s/ Francis H. Pryzbylkowski*
**FRANCIS H. PRYZBYLKOWSKI**
**Deputy Attorney General**
**Attorney ID #329644**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6491**

**KAREN M. ROMANO**

14

**fpryzbylkowski@attorneygeneral.gov**

**Chief Deputy Attorney General**
**Civil Litigation Section**

**Date:   October 16, 2023**

*Counsel for Defendants Harry,*
*Benning, Houser, Booher, Grice,*
*Ardery and Campbell*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MOKSHEFSKI,** | : | **No. 3:23-CV-01071** |
| **Plaintiff** | : | |
| | : | **Judge Mariani** |
| **v.** | : | |
| | : | |
| **MORRIS HOUSER, et al.,** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 06/27/23* |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Francis H. Pryzbylkowski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 17, 2023, I caused to be served a true and correct copy of the foregoing document titled Commonwealth Defendants' Brief in Support of Motion to Dismiss to the following:

**VIA U.S. MAIL**

**Smart Communications/PADOC**
**Michael Mokshefski, JF-2446**
**SCI Benner Township**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

      *s/ Francis H. Pryzbylkowski*
**Francis H. Pryzbylkowski**
Deputy Attorney General