IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MOKSHEFSKI, | Civil No. 3:23-cv-1071 |
| Plaintiff | (Judge Mariani) |
| v. | |
| MORRIS HOUSER, et al., | FILED SCRANTON NOV 16 2023 Per_____ DEPUTY CLERK |
| Defendants | |

**ORDER**

**AND NOW**, this 16th day of November, 2023, upon consideration of Plaintiff's motion (Doc. 34) for leave to file a second amended complaint, and proposed second amended complaint (Doc. 35) pursuant to 42 U.S.C. § 1983,[1] and it appearing that the proposed 91-page second amended complaint violates the simple, concise, and direct pleading requirements set forth in Federal Rule of Civil Procedure Rule 8(d)(1)[2], and it being well-established that a court need not grant leave to amend in the presence of bad faith, undue delay, undue prejudice, or futility, see Diaz v. Palakovich, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)), and that "[d]elay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous

---

[1] Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.

[2] "Rule 8. General Rules of Pleading." "(d)(1) In General. Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

opportunities to amend," *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted)[3], and the Court observing that the first amended complaint was filed approximately four months ago, that dispositive motions are pending in this matter, and there is every indication that Plaintiff could have raised his additional claims in either his original or first amended complaint, *see Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding that because plaintiff "has already had two chances to tell his story...giving him further leave to amend would be futile"), **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion (Doc. 34) for leave to file a second amended complaint is **DENIED**.

2. The proposed second amended complaint (Doc. 35) is **REJECTED**.

3. This first amended complaint (Doc. 11) shall be the governing pleading in this action.

Robert D. Mariani
United States District Judge

---

[3] Even where there is no undue delay, prejudice to the non-moving party remains the touchstone for the denial of a motion to amend. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006).